

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD HOPKINS,

                Petitioner,

    vs.

J. M. HAMLET, Warden,

                Respondent.

                            /

No. C 05-1808 WHA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse and a request for the court to take judicial notice. For the reasons set forth below, the petition is **DENIED**.

**STATEMENT**

      A jury in Los Angeles County Superior Court found petitioner guilty of murder in the second degree. In 1986 he was sentenced to fifteen years to life in prison. On December 18, 2001, after a hearing before the Board of Prison Terms ("Board"), during which petitioner was represented and was given an opportunity to be heard, the Board found petitioner unsuitable for parole (Exh. 2 at 35-38). The Board based its decision upon the triviality of the motive for the killing, lack of a solid job offer, opposition from the prosecutor and police department, and need

United States District Court
For the Northern District of California

1   for further self-help and therapy to help petitioner understand the cause of the crime.

2                                        **DISCUSSION**

3   **A.   STANDARD OF REVIEW**

4            A district court may not grant a petition challenging a state conviction or sentence on the

5   basis of a claim that was reviewed on the merits in state court unless the state court's

6   adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an

7   unreasonable application of, clearly established Federal law, as determined by the Supreme

8   Court of the United States; or (2) resulted in a decision that was based on an unreasonable

9   determination of the facts in light of the evidence presented in the State court proceeding." 28

10  U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of

11  law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong

12  applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340

13  (2003).

14           A state court decision is "contrary to" Supreme Court authority, that is, falls under the

15  first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that

16  reached by [the Supreme] Court on a question of law or if the state court decides a case

17  differently than [the Supreme] Court has on a set of materially indistinguishable facts."

18  *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of"

19  Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies

20  the governing legal principle from the Supreme Court's decisions but "unreasonably applies that

21  principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review

22  may not issue the writ "simply because that court concludes in its independent judgment that the

23  relevant state-court decision applied clearly established federal law erroneously or incorrectly."

24  *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the

25  writ.  *See id.* at 409.

26           "Factual determinations by state courts are presumed correct absent clear and convincing

27  evidence to the contrary."  *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the

28  fact that the finding was made by a state court of appeals, rather than by a state trial court.

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

1   *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.),

2   *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing

3   evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not

4   do.  *Id.*

5         Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination

6   will not be overturned on factual grounds unless objectively unreasonable in light of the

7   evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v.*

8   *Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

9         When there is no reasoned opinion from the highest state court to consider the

10   petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501

11   U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

12   **B.   ISSUE PRESENTED**

13         In its order to show cause the Court said that petitioner's issues were:  "(1) the Board's

14   denial of parole violated his due process rights because it was arbitrary and capricious; (2) there

15   was no evidence to support the finding that he was unsuitable for parole; and (3) the outcome of

16   the hearing was predetermined, so the hearing was pro forma."  These three contentions were set

17   out in the petition under the form label "Claim One" and virtually in the same language and

18   form as the Court has listed them above.  The supporting facts listed the procedural events –

19   when the parole denial was, the dates of exhaustion, and so on – with only one paragraph of

20   explanation or argument as to the claims presented.  It reads: "Petitioner submits that the gravity

21   of the offense alone during Petitioner's 5th Parole Suitability Hearing cannot support a parole

22   denial decision.  To continue to hold that the gravity of the offense out weighs all of the positive

23   factors is contrary to the evidence which was before the Board Panel.  The continued reliance on

24   this unchanging factor has resulted in a violation of Petitioner's State and Federal right to Due

25   Process."  (Pet. at 10.)

26         The Court concludes that petitioner's issues as listed in the order to show cause can be

27   conveniently consolidated as a claim that the decision of the Board was in violation of his due

28   process rights because it was not supported by sufficient evidence.

United States District Court
For the Northern District of California

1   Among other things, respondent contends that California prisoners have no liberty

2   interest in parole and that if they do, the only due process protections available are a right to be

3   heard and a right to be informed of the basis for the denial – that is, respondent contends there is

4   no due process right to have the result supported by sufficient evidence.

5       1.   **DUE PROCESS**

6           a.   **LIBERTY INTEREST**

7   The Fourteenth Amendment provides that no state may "deprive any person of life,

8   liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1.  In *Greenholtz*

9   *v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979), the Supreme

10  Court found that the inmates had a liberty interest in discretionary parole that was protected by

11  the Due Process Clause.  The right was created by the "expectancy of release provided in [the

12  Nebraska parole statute.]"  That statute provided that the parole board "shall order" release of

13  eligible inmates unless that release would have certain negative impacts.  *Id.* at 11–12.  The

14  Supreme Court returned to the issue in *Board of Pardons v. Allen*, 482 U.S. 369 (1987).  There

15  it held that a similar liberty interest was created even though the parole board had great

16  discretion.  *Id.* at 381.  For parole decisions, this mode of analysis survived the Supreme Court's

17  later rejection of it for prison disciplinary decisions in *Sandin v. Conner*, 515 U.S. 472 (1995).

18  *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of

19  liberty interests in parole under *Greenholtz* and *Allen*.").

20  While there is "no constitutional or inherent right of a convicted person to be

21  conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of*

22  *Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it

23  uses mandatory language, may create a presumption that parole release will be granted when or

24  unless certain designated findings are made, and thereby give rise to a constitutionally protected

25  liberty interest, *see Board of Pardons v. Allen*, 482 U.S. 369, 376-78 (1987) (Montana parole

26  statute providing that board "shall" release prisoner, subject to certain restrictions, creates due

27  process liberty interest in release on parole); *Greenholtz*, 442 U.S. at 11-12 (Nebraska parole

28  statute providing that board "shall" release prisoner, subject to certain restrictions, creates due

4

**United States District Court**
For the Northern District of California

1  process liberty interest in release on parole). In such a case, a prisoner has liberty interest in

2  parole that cannot be denied without adequate procedural due process protections. *See Allen*,

3  482 U.S. at 373-81; *Greenholtz*, 442 U.S. at 11-16.

4         California's parole scheme uses mandatory language and is similar to the schemes in

5  *Allen* and *Greenholtz* which the Supreme Court held gave rise to a protected liberty interest in

6  release on parole. In California, the panel or board "shall set a release date unless it determines

7  that the gravity of the current convicted offense or offenses, or the timing and gravity of current

8  or past convicted offense or offenses, is such that consideration of the public safety requires a

9  more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot

10 be fixed at this meeting." Cal. Penal Code § 3041(b). Under the clearly established framework

11 of *Allen* and *Greenholtz*, "California's parole scheme gives rise to a cognizable liberty interest

12 in release on parole." *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002). The scheme

13 requires that parole release be granted unless the statutorily defined determination (that

14 considerations of public safety forbid it) is made. *Ibid.*; *Biggs v. Terhune*, 334 F.3d 910, 915-16

15 (9th Cir. 2003) (finding initial refusal to set parole date for prisoner with fifteen-to-life sentence

16 implicated prisoner's liberty interest). In sum, the structure of California's parole scheme --

17 with its mandatory language and substantive predicates – gives rise to a federally protected

18 liberty interest in parole such that an inmate has a federal right to due process in parole

19 proceedings.

20                **b.    PROCESS DUE**

21        Respondent asserts that the only due process rights petitioner has are those set out in

22 *Greenholtz*, namely an opportunity to be heard and a statement of the reasons for denial. They

23 assert that there is no federal due process right to have the decision be supported by "some

24 evidence."

25        The Supreme Court has clearly established that a parole board's decision deprives a

26 prisoner of due process if the board's decision is not supported by "some evidence in the

27 record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying

28 "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*,

5

United States District Court
For the Northern District of California

472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

Recent Ninth Circuit cases reflect that a critical issue in parole denial cases is the Board's use of evidence from the commitment offense and prior offenses. In *Biggs*, the court explained that the some evidence standard may be considered in light of the Board's decisions over time. *Biggs*, 334 F.3d at 916-917. The court reasoned that "[t]he Parole Board's decision is one of 'equity' and requires a careful balancing and assessment of the factors considered . . . A continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." *Id.* Although the *Biggs* court upheld the initial denial of a parole release date based solely on the nature of the crime and the prisoner's conduct before incarceration, the court cautioned that "[o]ver time, however, should Biggs continue to demonstrate exemplary behavior and evidence of rehabilitation, denying him a parole date simply because of the nature of his offense would raise serious questions involving his liberty interest." *Id.* at 916.

The *Sass* court criticized the decision in *Biggs*: "Under AEDPA it is not our function to speculate about how future parole hearings could proceed." *Sass*, 461 F.3d at 1129. *Sass* determined that it is not a due process violation per se if the Board determines parole suitability based solely on the unchanging factors of the commitment offense and prior offenses. *See id.*

1   (prisoner's commitment offenses in combination with prior offenses amounted to some

2   evidence to support the Board's denial of parole). However, *Sass* does not dispute the argument

3   in *Biggs* that, over time, a commitment offense may be less probative of a prisoner's current

4   threat to the public safety.

5        In *Irons* the Ninth Circuit emphasized the continuing vitality of *Biggs*, but concluded

6   that relief for Irons was precluded by *Sass*. *See Irons*, 470 F.3d at 664. The Ninth Circuit

7   explained that all of the cases in which it previously held that denying parole based solely on the

8   commitment offense comported with due process were ones in which the prisoner had not yet

9   served the minimum years required by the sentence. *Id.* at 665. Also, noting that the parole

10  board in *Sass* and *Irons* appeared to give little or no weight to evidence of the prisoner's

11  rehabilitation, the Ninth Circuit stressed its hope that "the Board will come to recognize that in

12  some cases, indefinite detention based solely on an inmate's commitment offense, regardless of

13  the extent of his rehabilitation, will at some point violate due process, given the liberty interest

14  in parole that flows from relevant California statutes." *Id.* (citing *Biggs*, 334 F.3d at 917). Even

15  so, the Ninth Circuit has not set a standard as to when a complete reliance on unchanging

16  circumstances would amount to a due process violation.

17        **2.   MERITS**

18        As a preliminary matter, petitioner asks the Court to take judicial notice of the transcript

19  of his eighth parole hearing, held on February 8, 2007. Because this petition is directed to the

20  parole hearing held on December 18, 2001, and there is no way that a decision made six years

21  later could bear on the 2001 decision at issue here, the motion to take judicial notice of the later

22  hearing will be denied.

23        Petitioner contends that there was not sufficient evidence to support the Board's

24  decision. As discussed above, the standard for such claims is whether there was "some

25  evidence" to support the decision. Implicit in this claim is what might be called the "*Biggs*

26  claim" that the offense was so far in that past that its evidentiary value has dropped below the

27  level of "some evidence."

28        In this case the offense occurred in 1985 (Exh. 5 at 1 (opinion of the court of appeal)).

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   The hearing at issue here was held in 2001, approximately sixteen years after the offense and
2   one year after expiration of the minimum number of years petitioner was to serve – he was
3   sentenced to fifteen years to life – disregarding time credits.  The killing occurred when
4   petitioner got into a fight with a friend at a party and was knocked down, hurting his elbow.
5   Petitioner went back to his apartment, got a shotgun, and confronted the friend outside.  The
6   friend apologized and said they had been friends for a long time and that he did not mean for the
7   fight to happen.  The friend began running and petitioner shot him in the back, killing him.

8       Given the brutal nature of the offense, the triviality of the motive, and the relatively short
9   time petitioner had served on his severe sentence, the offense itself was sufficient to constitute
10  "some evidence" in this hearing that petitioner was not suitable for parole.

11      In addition, the denial was supported by the evidence that petitioner did not have a firm
12  job offer, the opposition of the prosecutor and the police department, but most importantly by
13  post-offense evidence that petitioner had not participated in sufficient therapy or self-help
14  programs to come to terms with the cause of his offense (Exh. 2 at 16-17).  All these
15  circumstances "tend to indicate unsuitability for parole" under California regulations.  Cal. Code
16  Regs. Title 15, § 2402(a), (c)(1)(A).

17      Although the Court has concluded above that the circumstances of the crime were
18  sufficient to constitute "some evidence" in support of the denial, the Board did not deny parole
19  solely because of the unchanging factor of the nature of petitioner's offense, so the concern
20  expressed in *Biggs*, that after passage of enough time such a factor would cease to be "some
21  evidence," is not triggered here.  There was sufficient evidence to support the denial.  *See Rosas*
22  *v. Nielsen*, 428 F.3d 1229, 1232–33 (9th Cir. 2005) (facts of the offense and psychiatric reports
23  about the would-be parolee sufficient to support denial).

24      Because there was no constitutional violation, the state courts' denial of this claim was
25  not contrary to, or an unreasonable application of, clearly established Supreme Court authority.[1]

26
27  _____

28  [1] To whatever extent petitioner may have intended to present a claim that the Board
    was biased and the hearing pro-forma, he has failed to present sufficient evidence to establish
    that.

**CONCLUSION**

Petitioner's motion for judicial notice (document number 20 on the docket) is **DENIED**. The petition for a writ of habeas corpus is **DENIED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: _____, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

G:\PRO-SE\WHA\HC.05\HOPKINS808.RUL.wpd

9

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


HOPKINS,

          Plaintiff,

   v.

HAMLET et al,

          Defendant.

_____/

Case Number: CV05-01808 WHA

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 2, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Denise Alayne Yates
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Edward Hopkins CDC&R   D-37284
California Correctional Institution
P.O. Box 608 (II-8-17L)
Tahachapi, CA 95381

Dated: October 2, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk